IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SHAUN D. ROBERTSON, | CV-22-0030-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| S.T.A.R.T. PROGRAM, et al., | |
| Defendants. | |

In its Order of October 5, 2022, the Court stayed this matter until February 1, 2023. (Doc. 33.) Plaintiff Shaun D. Robertson was directed to notify the Court and Defendant of his updated address by that date, and to fulfill any discovery obligations he had to Defendants. He was advised that failure to update the Court by that date or to file a timely response to the motion may result in dismissal of this action for failure to prosecute. Fed. R. Civ. P. 41. (Doc. 33 at 2.)

Robertson has failed to comply with the Court's Order to update his address or to otherwise signal an intent to proceed with this lawsuit. Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9ᵗʰ Cir.

2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Robertson has failed to notify the Court of his change of address or act in a manner that reflects an intent to proceed. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Robertson refuses to provide notice of where he may be served. Robertson's case has consumed judicial resources and time

that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Accordingly, it is HEREBY ORDERED:

This matter is DISMISSED.

The Clerk of Court is directed to close the case and enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 5th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court